UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Andy Francis,** | No. 1:22-cv-06860-NRM-JRC |
| Plaintiff, | **Memorandum and Order** |
| v. | |
| **Department of Social Service (DSS),** | |
| Defendant. | |

**NINA R. MORRISON**, United States District Judge:

This case concerns whether a federal district court may hear a challenge from a plaintiff who alleges that he did not receive timely notice of his child support obligations. Plaintiff Andy Francis ("Francis") asserts that Defendant NYC Department of Social Services ("Defendant") violated his constitutional rights by seeking and obtaining a judgment against him for alleged nonpayment of child support twenty-three years ago. Francis alleges that a judgment of non-payment was erroneously issued against him in state court despite "no monies [being] owed to DSS;" that he was not provided with constitutionally adequate notice of DSS's claim that he was in arrears on his child support payment nor with an opportunity to contest the judgment; and that he has suffered numerous collateral consequences as a result of the judgment, including an inability to renew his passport. *See* Compl. 5-6.

For the reasons stated below, the Court grants Defendant's motion to dismiss.

## I.    BACKGROUND

Since a court ruling on a motion to dismiss "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal

quotation marks omitted), the Court summarizes the facts as alleged in the complaint, drawing all reasonable inferences in Francis's favor and construing any ambiguities in the light "most favorable" to Francis's claims. *See Duplan v. City of New York*, 888 F.3d 612, 617 (2d Cir. 2018) (citations omitted). Where applicable, the Court takes judicial notice of relevant state court proceedings. *See* Part II, *infra* (describing standards for judicial notice).

### A.    Factual history

In 1987, the Family Court in New York County ordered Francis to pay $75 per week in child support for the support of his daughter. Compl. 2. Payments were due to the Support Collection Unit ("SCU"). Compl. 2. Two years later, in a final divorce judgment, the Queens County Supreme Court modified the Family Court order. *Id.* at 3. The Supreme Court required Francis to make weekly child support payments and a $600 arrears payment directly payable to his former wife, whom Francis alleges he paid. *Id.* at 2–3.

On or around February 16, 2000, DSS and SCU brought an action against Francis for failing to make payments between 1988 to 1999. *Id.* at 4–5; *see also* Alexander Decl. Ex. D (Order dated February 16, 2000 (Case No. F-32024/92A)). Francis argues that he did not fail to make payments; that his daughter was receiving public assistance, mooting need for payments; and that this action led to a $50,000 judgment against him (that has since swelled to $68,000 with interest). Compl. at 4–5. Subsequent Family Court orders in 2006 and 2007, however, directed Francis to make payments to the SCU. *See* Alexander Decl. Ex. D (Order dated February 16, 2000 (Case No. F-32024/92A)), ECF No. 25-4; Ex. E (Order dated May 12, 2006 (Case No. F-32024-92/06C)), ECF No. 25-5; Ex. F (Order dated March 19, 2006) (CSMS Case No. ND50708K1), ECF No. 25-6; Ex. G (Order dated August 18, 2006 (Case No. F-03741-06/06A)), ECF No. 25-7; Ex. H (Order dated September 4, 2007 (Case No. F-03741-06/06A)), ECF No. 25-8.

Francis also alleges that "[n]o notice was sent" before child support arrears of $5,000 were reported to the U.S. Secretary of State. *Id.* at 5–6. Moreover, because of the child support owed, a judgment was entered against Francis and his application to renew his United States passport was denied. *Id.* at 4–5. That denial has stopped Francis from traveling to see his doctor, who now practices in Kingston, Jamaica, where Francis holds dual

citizenship and where he still has family and other close ties.  *Id.* at 2, 5–6.

## B.    Procedural history

On June 6, 2022, Francis filed a Petition in New York State Supreme Court, Queens County, seeking to "vacate all arrears allegedly owed . . . vacate all Judgments pursuant to the child support arrears, vacate the execution of [his] Social Security benefits payable to Department of Social Service (DSS)," and "vacate the Order restricting [him] from obtaining a U.S. Passport" under 42 U.S.C. § 652(k) and 22 C.F.R. §§ 51.70(a)(8), 51.72(a), 51.80(a)(2).  Compl. ¶ 4, *Francis v. DSS and New York City Office of Child Support Enforcement Account Statement*, (Sup. Ct. Queens Cty., Index No. 711912/2022, Dkt. No. 1) (June 6, 2022).  Relevant here, Francis alleges that he was not given proper notice or an opportunity to be heard before his passport was denied.  *Id.*  On September 27, 2022, the Supreme Court denied the petition because, among other reasons, the Family Court "retains exclusive subject matter jurisdiction" over the matter and, to the extent Francis challenged DSS's enforcement measures, Francis had failed to exhaust his administrative remedies.  Order dated September 27, 2022, Sup. Ct. Queens Cty., Index No. 711912/2022, Dkt. No. 45.  Francis appealed that order and his appeal was pending as of the time of writing.  *See* App. Div. 2d Dep't Docket, Index No. 2022-08269.

Francis filed this action on November 9, 2022.  The Court construes his complaint to seek relief from the February 16, 2000, judgment that caused Francis to be "wrongfully deprived . . . of his due process rights" and to have his passport suspended.  Compl. 7.

The Court then held an initial conference.  *See* Minute Entry and Order (Dec. 21, 2022).  Among other issues, at the conference, Francis clarified the factual basis for his claim that the original child support judgment had been entered against him in violation of due process, contending that payment notices sent by DSS had been addressed to the wrong unit in his building.[1]  He also asserted that he had fully paid all child

---

[1] Bronislava Shmayenik, the Director of Administrative Enforcement

support due, but that DSS may not have had a record of payment because those payments, he said, were made directly to his former spouse through her attorney; Francis told the Court that he had proof these payments were made prior to entry of the family court judgment against him.

The Court *sua sponte* asked whether Defendant's counsel would agree to investigate Plaintiff's underlying factual claims for purposes of possible settlement, particularly given Defendant's interest in not enforcing a judgment against a parent who had, in fact, paid all child support owed, if that proved to be the case. Defense counsel agreed to review its records and otherwise investigate the matter, and at the conclusion of the conference, the parties had agreed to work cooperatively to investigate three factual issues: (1) what child support payments Francis was required to make, (2) whether Francis had made the payments, and (3) whether Francis received adequate notice and an opportunity to be heard before the Family Court judgment against him in 2000.[2] *See id.* In light of these steps towards possible settlement, the Court extended Defendant's answer deadline by nearly two months. Order granting Motion for Extension of Time to File (Jan. 14, 2023).

In February 2023, the parties submitted status reports, in which they each informed the Court that they had not resolved their underlying factual disputes. *See* Pl.'s Status Report, ECF No. 13 (Jan. 23, 2023); Def.'s Status Report, ECF No. 15 (Feb. 21, 2023); Pl.'s Status Report, ECF No. 17 (Feb. 23, 2023). Francis reiterated that he had submitted evidence that he did not owe any child support from 1987 to 2000 since there was no order from the Family Court to pay child support to the SCU, and alleged that Defendant's counsel made no effort to communicate with him or "produce any evidence."

---

(B) with the SCU, stated in an affidavit submitted as part of the 2022 state court case Francis filed (and attached to Defendant's motion) that the addresses on the "tax offset passport denial enforcement process" were addressed to Francis at the correct street address but at "Apt. 3," which he alleged is the wrong unit number. Alexander Decl. Ex. I (Affidavit of Bronislava Shmayenik) 4–5, ECF No. 25-9.

[2] By participating in this good-faith inquiry, neither party waived any substantive rights. *See* Minute Entry and Order (Dec. 21, 2022).

Pl.'s Status Report 2, ECF No. 14 (Feb. 15, 2023).  Defense counsel stated that its investigation had revealed that for the majority of the time between 1987 to 2000 (namely, from at least 1993 onward), Francis had been required to make payments directly to the SCU; (2) that Francis had not made all required payments; and (3) that Francis had notice given that the February 16, 2000, Order was sent to Francis's then-current address and that DSS had confirmed to Defendant's counsel that Francis's address in DSS's computer system lists the correct unit number.[3]  Def.'s Status Report, ECF No. 15 at 2–5 (Feb. 21, 2023).

Francis then filed what the Court construed as a Motion for a Preliminary Injunction.  *See* Letter Mot. to Intervene, ECF No. 18 (Mar. 22, 2023).  Defendant responded, *see* Def.'s Response in Opp'n, ECF No. 19 (Mar. 23, 2023), and served a Motion to Dismiss.  *See* Def.'s Mot., ECF No. 20 (Mar. 23, 2023).  The Court convened the parties on March 31, 2023, and held both the preliminary injunction and the motion to dismiss in abeyance pending a potential referral of the Plaintiff to pro bono counsel.  *See* Minute Entry (Mar. 31, 2023).  Francis continued to proceed pro se, and the instant motion was filed on June 16, 2023.

## II.   LEGAL STANDARD

A court should hold pleadings from a plaintiff proceeding pro se "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), courts "remain obligated to construe a pro se complaint liberally").

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a "case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "The plaintiff bears the

---

[3] Defendant's counsel argues that the unit number in Schmayenik's affidavit was "merely a typo."  Def.'s Status Report, ECF No. 15 at 5.

burden of alleg[ing] facts that affirmatively and plausibly suggest that it has standing to sue," *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.a.r.l*, 790 F.3d 411, 417 (2d Cir. 2015) (citation omitted), and must show jurisdiction "affirmatively," which means not from "drawing from the pleadings inferences favorable to the party asserting it." *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003). When "jurisdictional facts are placed in dispute," a court considering a 12(b)(1) motion is "obligat[ed] to decide issues of fact by reference to evidence outside the pleadings," and may—but "is not invariably required to"—do so when such facts are not in dispute. *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 441 (2d Cir. 2022) (citations omitted).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain facts sufficient, if accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of N.Y.C. Sch. Dist.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A court may consider the pleading, documents attached to the pleadings or incorporated by reference, documents upon which a complaint "solely relies" and that are "integral" to the complaint, or matters of which judicial notice may be taken. *See Roth v. Jennings,* 489 F.3d 499, 509 (2d Cir. 2007); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

## III.   DISCUSSION

The Court now considers Defendant's arguments that the Court lacks subject matter jurisdiction, and that Francis has failed to state a claim upon which the Court can grant relief.

### A.   Subject matter jurisdiction

A federal district court has limited jurisdiction. With exceptions that are not relevant here, a federal district court, such as this Court, may only hear cases that the Constitution, laws, and treaties of the United States

permit it to hear.  *See* 28 U.S.C. § 1331.  In this case, the Court lacks subject matter jurisdiction for two reasons.

First, under the *Younger* abstention doctrine, this Court is required to abstain from hearing Francis's challenge to the child support orders while an appeal of his 2022 Supreme Court action is pending.  While abstention is "the exception, not the rule," a district court should abstain under *Younger v. Harris*, 401 U.S. 37 (1971) when one of three "exceptional" proceedings is ongoing in state court: "(1) ongoing state criminal prosecutions, (2) certain civil enforcement proceedings, and (3) civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions."  *Cavanaugh v. Geballe*, 28 F.4th 428, 432 (2d Cir. 2022) (citations omitted).  Before invoking *Younger*, a federal court may "appropriately consider" whether "there is (1) an ongoing state judicial proceeding that (2) implicates important state interests and (3) provides an adequate opportunity to raise federal challenges."  *Id.*  Consideration of these conditions, however, is "not dispositive."  *Id.*

Here, the Court finds that Francis's 2022 Supreme Court action is a qualifying circumstance under *Younger* that implicates these additional considerations.  Francis filed his action in 2022 to challenge the February 16, 2000, judgment against him and seek injunctive relief in the form of vacating the arrears against him, garnishment of his Social Security payments, and denial of his passport.[4]  *See* Part I.B (quoting complaint).  To start, Francis's appeal has not yet been perfected nor dismissed.  *See* App. Div. 2d Dep't Docket, Index No. 2022-08269.  The merits of that appeal—challenging both the Family Court order and Francis's need to exhaust administrative remedies through DSS—implicate New York's state interest in managing and enforcing child support payments.  *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 79–80 (2013) (collecting examples of state enforcement actions).  And given that the appeal is still pending, Francis may raise his federal claims --

---

[4] The Court notes that the complaint filed in that action is substantially similar to the Complaint filed here.  *Compare* Compl. ¶ 4, *Francis v. DSS and New York City Office of Child Support Enforcement Account Statement*, (Sup. Ct. Queens Cty., Index No. 711912/2022, Dkt. No. 1) (June 6, 2022) *with* Compl.

including his due process claim -- there.

Second, this Court lacks jurisdiction to hear any challenge from Francis to the underlying February 16, 2000, enforcement action directing him to make payments. Such a challenge is barred under the *Rooker-Feldman* doctrine. "[T]he only federal court to which a litigant may appeal from a state-court judgment is the Supreme Court of the United States." *Hunter v. McMahon*, No. 21-1473, 2023 WL 4671281, at *3 (2d Cir. July 21, 2023) (citing 28 U.S.C. § 1257(a)). In the Second Circuit, this doctrine means that a federal district court must dismiss an action for lack of jurisdiction if: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Id.* (quoting *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014)).

Here, a $50,699.77 judgment was entered in favor of DSS against Francis in 2000, nearly twenty-three years before Francis filed this action. *See* Compl. 5; *see also* Alexander Decl. Ex. D (Order dated February 16, 2000 (Case No. F-32024/92A) (copy of judgment); ECF No. 25-2 (describing judgment); ECF No. 25-3 (same). This means that, under the *Rooker-Feldman* doctrine, the Court would still lack the authority to "review and rejec[t]" the February 16, 2000, Order or its 2006 and 2007 appeals.

### B.     Failure to state a claim

Finally, even if the Court had jurisdiction to consider Francis's suit, the Court would be unable to grant the relief Francis seeks. Reading Francis's complaint liberally, the Court construes Francis's claim as a violation of due process because "[n]o notice was sent to the Plaintiff before his Passport was reported to the Secretary of State that he owed more than $5,000.00 in arrears." Compl. 5–6; *see also* Pl's Opp'n 2–3, ECF No. 21. The crux of Francis's opposition centers on an alleged violation of 42 U.S.C. § 652. *See* Pl.'s Opp'n 2–5.

When a child support obligor was denied a passport for unpaid child support brought an action against the U.S. Department of State, the Second Circuit dismissed a challenge that this statute violated the obligor's right to

procedural due process. *Weinstein v. Albright*, 261 F.3d 127 (2d Cir. 2001).
That court explained the statutory and regulatory framework of the denial as
follows:

> The statutory and regulatory framework for these actions taken
> by defendants is found at 42 U.S.C. §§ 652(k) & 654(31) and 22
> C.F.R. §§ 51.70(a)(8) & 51.72(a). One federal statute requires
> each state to establish a procedure for certifying to HHS the
> states' determinations that individuals are more than $5000 in
> arrears on child support payments; the states' procedures must
> additionally ensure that "each individual [obligor] concerned is
> afforded notice of such determination and the consequences
> thereof, and an opportunity to contest the determination." *See* 42
> U.S.C. 654(31)(a). 42 U.S.C. § 652(k)(1) provides that "[i]f the
> Secretary [of HHS] receives a certification by a State agency in
> accordance with the requirements of section 654(31) of this title
> that an individual owes arrearages of child support in an amount
> exceeding $5,000, the Secretary shall transmit such certification
> to the Secretary of State for action (with respect to denial,
> revocation, or limitation of passports) pursuant to paragraph
> (2)." Under § 652(k)(2), the "Secretary of State shall, upon
> certification by the Secretary [of HHS] transmitted under
> paragraph (1), refuse to issue a passport to such individual, and
> may revoke, restrict, or limit a passport issued previously to such
> individual."

*Id.* at 133. Applying this framework, the court dismissed the plaintiff's
challenge because "the right to notice and an opportunity to contest the
arrears determination before the relevant state agency is sufficient to protect
the liberty interest in having a passport and traveling internationally." *Id.* at
139.

Here, for Francis's procedural due process claim to succeed, he would
need to plausibly allege how he had a life, liberty, or property interest but
was deprived of notice and an opportunity to be heard. Francis's due process
challenge appears to rest on Defendant's alleged failure to send a notice to
Francis's home address. The statutory framework above addresses whether

states have adequately provided notice and an opportunity to be heard prior to the determination that an individual is in arrears; here, however, Francis alleges a failure to provide the notice itself.  Second, even accepting as true Francis's allegation that DSS sent notices to the wrong address, the Court would still lack jurisdiction for the reasons stated above.  Alternatively, Francis would need to more plausibly allege facts to support this allegation. But after reviewing Francis's complaint, the Court is unable to conclude he has done so here.

A challenge that Defendant has not brought proper notice may be brought through administrative review or in state court.  *See* Def.'s Reply 8. But Francis has not plausibly alleged a constitutional challenge that this Court may hear.

## IV.   CONCLUSION

Defendant's motion to dismiss is granted, and Francis's claim is dismissed without prejudice.

Although Plaintiff has paid the filing fee to bring this action, the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (stating rule).

SO ORDERED.

_/s/ NRM_____
NINA R. MORRISON
United States District Judge


Dated:    August 9, 2023
          Brooklyn, New York